UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-04272-JLS-SHK | Date: | September 13, 2021 |
| Title: | *Vilgem Vardanyan v. Exodus Recovery, Inc., et al.* | | |

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):**    **ORDER TO SHOW CAUSE**

On May 21, 2021, Plaintiff Vilgem Vardanyan ("Plaintiff") filed a Complaint alleging various violations of his civil rights ("Complaint"). Electronic Case Filing Number ("ECF No.") 1, Compl. On July 26, 2021, Plaintiff filed, among other requests, a Request for Leave to File Second Amended Complaint ("SAC Request"). ECF No. 15, SAC Request. On August 5, 2021, the Court granted Plaintiff's SAC Request ("SAC Order") and, in pertinent part, ordered Plaintiff to file his Second Amended Complaint ("SAC") by August 23, 2021. ECF No. 20, SAC Order. On August 13, 2021, Plaintiff filed his SAC and a summons. ECF No. 24, SAC; ECF No. 25, Summons. Defendant College Health Enterprises, Inc. ("College") and Exodus Recovery, Inc. ("Exodus") both filed answers to the SAC. See ECF No. 38, College's Answer To Amended Complaint ("College Answer"); ECF No. 54, Answer of Exodus ("Exodus Answer").

Federal Rule of Civil Procedure ("Rule") 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.").

Here, College and Exodus both assert—without argument—that there is no subject matter jurisdiction in their Answers. See ECF No. 38, College Answer at 17 ("[T]he Court lacks subject matter jurisdiction over Plaintiff's SAC."); ECF No. 54, Exodus Answer at 16 ("[T]he Court lacks subject matter jurisdiction over Plaintiff's SAC."). Although the Court cannot rely on just barebones conclusory statements, based upon the Court's own review of the SAC and the docket, it is unclear whether the Court has subject matter jurisdiction because Plaintiff's SAC alleges federal question jurisdiction, in part, under 42 U.S.C. § 1983 ("§ 1983") but Plaintiff has not indicated that any of the Defendants are state actors and, based on Plaintiff's SAC, they do not appear to be state actors. See Jensen v. Lane Cty., 222 F.3d 570, 574 (9th Cir. 2000)

("Because § 1983 . . . [is] directed at the states, the statute supports a claim only when the alleged injury is caused by 'state action' and not by a merely private actor, against whom tort remedies may be sought in state court.")

Accordingly, **all parties are ORDERED TO SHOW CAUSE, in writing, by September 21, 2021,** why Plaintiff's SAC should not be dismissed for lack of subject matter jurisdiction. All parties' submissions must be five pages or less and must provide authority in support of their position.

**IT IS SO ORDERED.**